Fuld, J.
In Matter of Schaefer Brewing Co. v. Gerosa (4NY 2d 423, opp. dsmd. for want of substantial Federal question 358 U. S. 282), this court held that the City of New York could, under its General Business and Financial Tax Law (Administrative Code of City of New York, § B46-2.0, subd. a), tax in full the petitioner’s receipts from sales to its out-of-state customers who took delivery at its brewery in Brooklyn. Since the petitioner acknowledges that the sales involved in the present appeal, covering the years 1954 through 1957, are “ identical ” in type with the transactions at issue in the prior case, involving the years 1948 through 1951, our earlier decision compels repudiation of the petitioner’s argument, also advanced in that case, that the receipts from these sales were improperly taxed in full.
The petitioner’s contention is that the business tax, although a tax on the privilege of doing business within the city, is being *30 improperly imposed by the Comptroller on mere elements of doing business, such as the making of local sales. As a consequence, it is asserted, the tax is rendered invalid since it confers arbitrary powers upon the Comptroller and renders the nature of the tax law uncertain. Such an argument misconceives the nature of the inquiry and decision made by the Comptroller and the courts under the tax statute.
The business tax is imposed, to cull from the applicable statutory provision, for ‘‘ the privilege of carrying on or exercising for gain or profit within the city any trade, business * * * or commercial activity * * * or of making sales within such city” (Administrative Code, § B46-2.0, subd. a). The amount of tax owed is calculated as a percentage of all the receipts “ received ” unless the person sought to be taxed is engaged either exclusively in interstate commerce, in which case no tax may be levied, of in business which comprises a combination of intrastate and interstate activities, in which case the tax is restricted to an impost on an allocable portion of the receipts from such activities. By concluding, as we did in the earlier Schaefer case, that the sales in question involved a “local transaction which is taxable ” (4 N Y 2d, at p. 427), we decided not that the tax was imposed on local sales but that the receipts therefrom stemmed from transactions which were local in nature. Likewise, in this case, the transactions in question were local, were not part of interstate commerce, and, accordingly, the receipts realized from them are taxable in full rather than on an allocated basis. The circumstance that the petitioner was also engaged in other transactions—which, since they involved a mingling of interstate and intrastate commerce, require a restriction of the tax to an allocable portion of the gross receipts therefrom — does not diminish the city’s right to tax in full the receipts from transactions local in nature.
Turning to the computation of the tax imposed on receipts not wholly taxable, it is our view that Federal excise taxes incurred by the petitioner in the production and sale of its beer constitute a “ cost of manufacturing and selling ” such beer and must be taken into account in applying the alternative allocation formula selected by the petitioner (Comptroller’s Business Tax Regs., art. 211, subd. II). The Federal excise tax on beer, imposed at the rate of “ $9 for every barrel containing not more *31 than 31 gallons ” (Internal Revenue Code [U. S. Code, tit. 26], § 5051), is a cost not only traceable but directly attributable to each barrel of beer brewed and sold by the petitioner. (Cf. Hoffman v. City of Syracuse, 2 N Y 2d 484, 490-491.) As such, not only is it as much a cost of those activities as is the amount paid for the ingredients of the beer, the barrels in which it is shipped and the labor employed in its manufacture but, by the same token, it is more directly identified with the manufacture and sale of the beer than are “ factory overhead ” and “ advertising expense,” both of which are explicitly included within the Comptroller’s definition of “ manufacturing and selling” cost.
Finally, we conclude that the Comptroller acted well within his authority in refusing to remit the penalty imposed upon the petitioner for its delay in paying the tax assessed against it. The Comptroller is vested with broad discretionary powers to remit penalties (Administrative Code, § B46-14.0) and it can hardly constitute an abuse of this discretion to refuse remittance where, as here, not only was no testimony offered at the hearing to establish that the delay in payment of the tax was excusable but the only ground suggested in support of such an assertion—that the petitioner had legal doubts about the validity of the imposition of the tax—has previously been held not to constitute ‘ ‘ an excusable delay for the failure to make payment.” (Matter of Underpinning & Foundation Co. v. Gerosa, 3 A D 2d 415, 416, mot. for lv. to opp. den. 3 N Y 2d 707.)
The order appealed from should be affirmed, with costs.